# Case No. 25-70014

In the
United States Court of Appeals
For the
Fifth Circuit

◆

**CARLOS MANUEL AYESTAS,**
*Petitioner - Appellee*

v.

**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE**
*Respondent - Appellant*

◆

On Appeal from the United States District Court
For the Southern District of Texas, Houston Division
Case No. 4:09-CV-2999

◆

APPELLANT'S RESPONSE TO APPELLEE'S OPPOSED MOTION TO DISMISS

◆

S<small>EAN</small> T<small>EARE</small>
District Attorney
Harris County, Texas

M<small>EAGAN</small> T. S<small>COTT</small>
Assistant District Attorney
Harris County, Texas
State Bar No. 24088378
S.D. Texas Federal No. 2802414
scott_meagan@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 274-5816
FAX: (713) 437-4966

*Counsel for the Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................3

I. INTRODUCTION ..............................................................................................6

II. ARGUMENT .....................................................................................................8

    A. Rule 72 Does Not Deprive This Court of Jurisdiction.................................8

    B. HCDA's Claim Meets the Requirements of the Collateral Order Doctrine......................................................................................................11

        i. HCDA's Non-Party Standing to Appeal......................................11

        ii. Collateral Order Doctrine Conditions are Met............................12

    C. Prosecutorial Work Product as a Class is Permitted Under the Collateral Order Doctrine ............................................................................................14

III. PRAYER ..........................................................................................................18

CERTIFICATE OF SERVICE ..................................................................................19

CERTIFICATE OF COMPLIANCE .........................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Absolute Consulting, Inc.*,
   No. 620CV01099ADADTG, 2023 WL 3138043
   (W.D. Tex. Apr. 27, 2023) ................................................................................ 9

*Atchison v. City of Tulsa, Okla.*,
   344 F.R.D. 28 (N.D. Okla. 2023) ..................................................................... 6

*Castillo v. Cameron Cnty.*,
   238 F.3d 339 (5th Cir. 2001) ........................................................................... 11

*Cohen v. Beneficial Industrial Loan Corp.*,
   337 U.S. 541 (1949) .......................................................................................... 13

*Dunn v. State Farm Fire & Cas. Co.*,
   927 F.2d 869 (5th Cir.1991) ............................................................................ 16

*Henry v. Lake Charles Am. Press, L.L.C.*,
   566 F.3d 164 (5th Cir. 2009) ........................................................................... 13

*In re Copley Press, Inc.*,
   518 F.3d 1022 (9th Cir. 2008) ......................................................................... 15

*In re Grand Jury Proceedings*,
   43 F.3d 966 (5th Cir. 1994) .............................................................................. 14

*In re Grand Jury Subpoena*,
   220 F.3d 406 (5th Cir. 2000) ........................................................................... 16

*La Union Del Pueblo Entero v. Abbott*,
   93 F.4th 310 (5th Cir. 2024) ("*Bettencourt*") ....................................... 12, 13, 16

*La Union Del Pueblo Entero v. Abbott*,
   68 F.4th 228 (5th Cir. 2023) ("*Hughes*") ............................................... 13, 16, 17

*Leonard v. Martin*,
   38 F.4th 481 (5th Cir. 2022) .................................................................. 14, 15

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009) ............................................................................ 13, 14

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987) ...................................................................................... 9

*Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*,
   795 F.2d 415 (5th Cir. 1986) ..................................................................... 9

*Shaw v. Karnes Cnty., Tex.*,
   No. SA16CA203FBHJB, 2017 WL 6403060 (W.D. Tex. Nov. 17, 2017) .... 9

*Shields v. Sturm, Ruger & Co.*,
   864 F.2d 379 (5th Cir. 1989) ................................................................... 16

*U.S. v. Chagra*,
   701 F.2d 354 (5th Cir. 1983) ................................................................... 11

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
   913 F.3d 443 (5th Cir. 2019) .............................................................. 13, 15

*Wernecke v. Tex. Dep't of Fam. & Protective Servs.*,
   No. CIV.A. C-07-238, 2008 WL 1776509 (S.D. Tex. Apr. 16, 2008) ............. 9

*Whole Woman's Health v. Smith*,
   896 F.3d 362 (5th Cir. 2018), *as revised* (July 17, 2018) ................................ 12

*Will v. Hallock*,
   546 U.S. 345 (2006) .................................................................................. 13

**Rules**

Fed. R. Civ. P. 4 ................................................................................................ 8

FED. R. CIV. P 5.2 ...................................................................................................8

FED. R. CIV. P 6 ......................................................................................................8

FED. R. CIV. P. 14 ...................................................................................................8

FED. R. CIV. P. 30...................................................................................................8

FED. R. CIV. P. 32...................................................................................................8

FED. R. CIV. P. 34...................................................................................................8

FED. R. CIV. P. 37...................................................................................................8

FED. R. CIV. P. 45...................................................................................................8

FED. R. CIV. P. 53...................................................................................................8

FED. R. CIV. P. 71...............................................................................................8, 10

FED. R. CIV. P. 72...................................................................................................8

## I. INTRODUCTION

Appellant, the Harris County District Attorney's Office ("HCDA"), is not a party to the underlying litigation in this case. After being permitted to conduct discovery in its litigation, Ayestas issued a subpoena to HCDA for records, ROA.3113–3127, to which HCDA objected and asserted various privileges including prosecutorial work-product privilege. ROA.3011-3014.

On June 3, 2025, Magistrate Judge Bryan issued an order compelling non-party Harris County District Attorney's Office ("HCDA") to produce documents responsive to the subpoena (along with records which had never been subpoenaed). ROA.3172-3181. This order requires HCDA to turn over privileged memorandum related to charging decisions for hundreds of murder and capital murder cases spanning decades.

HCDA's sole involvement in the years long litigation was in relation to this subpoena. In response to Ayestas' motion to compel, HCDA replied heavily on its non-party status and relied in great part on *Atchison v. City of Tulsa, Oklahoma*, 344 F.R.D. 28 (N.D. Okla. 2023) for its position that a non-party may assert work product protection and that the work product privilege protects prosecutors' files in a criminal defendant's subsequent civil action. ROA.3089-3114. This fact was noted in the order compelling

6

production. ROA.3177-3178. The order did not dispute HCDA's non-party status, instead only distinguishing the use of *Atchison* to protect the requested documents from disclosure. *Id*.

Following this order, which required production within 30 days of its issuance, HCDA appealed the order to this Court. ROA.3182-3183. HCDA, as a non-party, did not object to the order to the presiding district court judge as would be required of a party by Federal Rule of Civil Procedure 72. HCDA filed notice of appeal of that order, along with a motion to stay production pending outcome of that appeal. ROA.3184-3200. The appeal was docketed, and an order staying production was entered. ROA.3203. Opening briefs are due September 26, 2025, on the merits of that appeal.

Appellee has filed a motion to dismissal this appeal on the basis that this Court lacks jurisdiction to review the magistrate judge's order, and contends that the order is not appealable under the collateral order doctrine. Appellant maintains that this Court does have jurisdiction over the appeal, and that briefing on the merits of the appeal should be permitted.

## II. ARGUMENT

### A. Rule 72 Does Not Deprive This Court of Jurisdiction

The plain language of Rule 72 only affects 1) non-dispositive issues, related to 2) parties in the litigation — neither of which is applicable to HCDA.

Throughout the Federal Rules of Civil Procedure the existence of non-parties is referenced repeatedly. *See e.g.*, FED. R. CIV. P. 4, 5.2, 6, 14, 30, 32, 34, 37, 45, 53, 71. In each instance where the rule places a burden on a non-party, or a person affected by a ruling or order, it is explicitly stated. Rule 72, however, contains no such language to bind non-parties.

Rule 72 states:

> When a pretrial matter ***not dispositive of a party's claim or defense*** is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. ***A party may*** serve and file objections to the order within 14 days after being served with a copy. ***A party may not*** assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72 (emphasis added).

Unlike elsewhere in the rules, in Rule 72, no such reference to non-parties is made. Instead, the rule references what a party may and may not do. Thus, by its plain language Rule 72 does not impose a burden on non-parties. Courts have repeatedly enforced a "plain language" reading of the rules. *See e.g., Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*, 795 F.2d 415, 427 (5th Cir. 1986), *aff'd sub nom. Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987); *Wernecke v. Tex. Dep't of Fam. & Protective Servs.*, No. CIV.A. C-07-238, 2008 WL 1776509, at *1 (S.D. Tex. Apr. 16, 2008); *Shaw v. Karnes Cnty., Tex.*, No. SA16CA203FBHJB, 2017 WL 6403060, at *1 (W.D. Tex. Nov. 17, 2017); *Adams v. Absolute Consulting, Inc.*, No. 620CV01099ADADTG, 2023 WL 3138043, at *5 (W.D. Tex. Apr. 27, 2023), *report and recommendation adopted*, No. 620CV01099ADADTG, 2023 WL 3874326 (W.D. Tex. June 7, 2023). Binding a non-party to the rule creates additional burdens on a non-party already pulled into litigation that is not its own.

Moreover, the claim at issue in this appeal is dispositive to the only claim affecting HCDA. Again, the plain language of Rule 72 only makes it applicable to matters "not dispositive of a party's claim or defense." Rule 72 is inapplicable to HCDA for the same reason HCDA's appeal satisfies the first prong of the collateral order doctrine requirement: this concerns a

dispositive order that conclusively determines the dispute between HCDA and the Appellee.

Unlike pre-trial discovery disputes between parties, this Court's order compelling production represents the conclusion of HCDA's involvement in the litigation. And, unlike parties to the litigation, HCDA will not take part in any appeal relating to the final disposition of this case on its merits.

Appellee argues that a reading of Rule 72 as inapplicable to non-parties will result in non-parties facing no deadlines for challenging adverse orders. This is not the case. Non-parties face both deadlines for compliance and deadlines to file notice of appeal – as HCDA did in this case. HCDA timely filed notice of appeal of an order that was binding on HCDA and dispositive to its claims.

Lastly, Appellee argues that Federal Rule of Civil Procedure 71 "makes clear" that Rule 72 is applicable to non-parties. But as HCDA has argued, Rule 71 specifically references non-parties as a separate entity to parties in a way that Rule 72 does not. FED. R. CIV. P. 71. While Rule 71 allows for enforcement of an order against a non-party, it does not confer a duty on a non-party to comply with Rule 72.

## B. HCDA's Claim Meets the Requirements of the Collateral Order Doctrine

The order compelling production and its reasons denying the claim of privilege, is appealable as a collateral order, and HCDA has standing to file such an appeal.

### i. HCDA's Non-Party Standing to Appeal

While non-parties, such as HCDA, cannot generally appeal an order or judgment, exceptions to this rule have been frequently applied when the decree affects the third party's interests. *See Castillo v. Cameron Cnty.*, 238 F.3d 339, 349 (5th Cir. 2001). Specifically, "a non-party may appeal orders for discovery if he has no other effective means of obtaining review." *U.S. v. Chagra*, 701 F.2d 354, 359 (5th Cir. 1983).

Three factors guide the determination of whether a non-party qualifies for that exception: (1) whether the nonparties actually participated in the proceedings below, (2) whether the equities weigh in favor of hearing the appeal, and (3) whether the nonparties have a personal stake in the outcome. *Castillo*, 238 F.3d at 349.

Application of these factors permit appeal. HCDA, having been served with a third-party subpoena seeking the documents at issue in the appeal,

responded by invoking claims of privilege and responding to Ayestas' motion to compel those materials. *See La Union Del Pueblo Entero v. Abbott*, 93 F.4th 310, 315–16 (5th Cir. 2024) ("*Bettencourt*") (holding a third-party "participated" under this requirement by objecting to a subpoena directed at them). The equities weigh in favor of allowing the appeal as substantial questions of core work product privilege are in dispute. Equities favor an appeal when appeal is the only "mechanism to vindicate [a] potentially meritorious claim[] of [. . .] privilege." *Id.* at 316. And lastly, HCDA has a very real stake in the ultimate determination of whether it will be required to turn over decades worth of potentially privileged materials. For these reasons, HCDA believes that the appellate court will determine it has standing to pursue this appeal.

### ii. Collateral Order Doctrine Conditions are Met

In addition to the question of standing, is the question of whether order to compel is an appealable interlocutory order. Under the collateral order doctrine, it is. *See Whole Woman's Health v. Smith*, 896 F.3d 362, 367 (5th Cir. 2018), *as revised* (July 17, 2018) (holding that the collateral order doctrine is met when a district court's discovery order to a third-party - failure to

comply with which may result in sanctions - was conclusive and effectively unreviewable on appeal from the final judgment).

An order may be appealed, even when no final judgment has been rendered, as a collateral order if it meets the three conditions in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). "To qualify as a collateral order, an 'order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019) (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009)). "Ultimately, 'the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order.'" *Bettencourt*, 93 F.4th at 319 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009); and *Will v. Hallock*, 546 U.S. 345, 352–53 (2006)) (internal quotations omitted).

Whether an order is immediately appealable is determined by "the entire category to which a claim belongs" and on "the class of claims[ ] taken as a whole." *Id.* (alteration in original) (quoting *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 232–34 (5th Cir. 2023) ("*Hughes*"); and *Mohawk*, 558 U.S.

13

at 107 (2009). This Court, in *In re Grand Jury Proc.*, 43 F.3d 966, 969 (5th Cir. 1994), has held that orders compelling the production of documents with claimed work-product privilege are appealable under this standard.

The "three conditions" in *Cohen*, are met here for essentially the same reasons they were met in *In re Grand Jury Proc.*, *Hughes* and *Bettencourt*:

(1) the Court's order conclusively determines the disputed question of the application of privilege to the documents at issue;

(2) the work-product privilege is an important issue completely separate from the merits of the action; and

(3) the Court's denial of the privilege is effectively unreviewable on appeal.

As in *In re Grand Jury Proc.*, "[t]o decline jurisdiction on grounds that there has been no final order would mean that [the court is] impuissant to prevent the irreparable harm that will occur if the district court's [. . . ] order is in error." *In re Grand Jury Proc.*, 43 F.3d at 970.

C. **Prosecutorial Work Product as a Class is Permitted Under the Collateral Order Doctrine**

Appellee relies heavily on *Leonard v. Martin*, 38 F.4th 481 (5th Cir. 2022) and *Mohawk* to claim that this Court has no jurisdiction to hear a prejudgment appeal of the discovery order. This argument ignores the cases in which this Court has allowed the prejudgment appeal of a discovery order

by a non-party, including a case cited in *Leonard* allowing "immediate appeal of orders that unseal a nonparty's confidential business documents". *Leonard*, 38 F.4th at 487 (citing *Vantage Health*, 913 F.3d at 449-50). And similarly to the documents at issue in *Vantage Health*, disclosing core opinion work product "cannot be undone, for '[s]ecrecy is a one-way street' and '[o]nce information is published, it cannot be made secret again.'" *Vantage Health*, 913 F.3d at 449 (citing *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)).

*Leonard* also fails to address the application of the collateral order doctrine to the work product privilege. The class of collateral order appeals in *Leonard* was not related to a privilege at all, but instead a non-party's motion to quash a subpoena on undue burden grounds. Similarly, *Mohawk* discusses the class of appeals – made by a party – relating to attorney-client privilege rather than work product privilege.

This Court, as recently as 2023, allowed a non-party to appeal a dispositive discovery order in *Hughes*. This Court not only permitted the appeal under the collateral order doctrine, but agreed that the class it concerned – legislative privilege – protected the non-party from production.

The legislative privilege at issue in *Hughes*, and the confidential documents in *Vantage Health*, are analogous to the prosecutorial work product privilege asserted by HCDA – more so than to the attorney-client privilege at issue in *Mohawk*. *Compare Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("The work product privilege is very different from the attorney-client privilege . . . The work product privilege . . . [exists] to promote the adversary system"); *In re Grand Jury Subpoena*, 220 F.3d 406, 409 (5th Cir. 2000) ("the work product privilege looks to the vitality of the adversary system rather than simply seeking to preserve confidentiality"); and *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) ("the work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries"), with *Hughes*, 68 F.4th at 235–36 (the "legislative privilege [] protect[s] actions that occurred within 'the sphere of legitimate legislative activity' or within 'the regular course of the legislative process.'), and *Bettencourt*, 93 F.4th at 323 (documents "created, transmitted, and considered *within* the legislative process itself" are protected by legislative privilege).

Additionally, in *Hughes* this Court makes many of the same points HCDA asserts with regard to its claim of work product privilege:

1. "The order's conclusiveness is apparent, among other reasons, because 'failure to comply with it may result in sanctions'",

2. Requiring HCDA "to negotiate protective orders or to suffer contempt proceedings would diminish" the protection afforded by the privilege.

3. Once HCDA produces the documents, "an appellate court cannot 'remedy the improper disclosure of privileged material in the same way [it can] remedy a host of other erroneous evidentiary rulings'",

4. As non-parties HCDA "cannot move for a new trial. And even if they could, a new trial cannot retract privileged information that has been shared into the public domain",

5. HCDA "has no remedy on appeal from a final judgment in the original action."

*Hughes*, 68 F.4th at 232–34 (internal citations omitted).

This language evidences the similarities in both posture and privilege between the non-parties in *Hughes* and HCDA. To the extent that this class of claims has not yet been deemed appealable under the collateral order doctrine, this Court may decide to do so now. This issue not only affects HCDA in this litigation and the many other federal suits it engages in, but

17

affects the assertion of the work product privilege by all non-parties in federal litigation in this circuit.

### III. PRAYER

For these reasons, appellant HCDA respectfully requests that this Court deny Appellee's motion to dismiss this appeal, and allow briefing on the merits of HCDA's claims of privilege.

Respectfully submitted,

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5816

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been electronically filed on September 2, 2025, via the CM/ECF system on all registered counsel and the Clerk of the Court.

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**

## CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), (2) the typeface requirements of Rule 32(a)(5), and (3) the type-style requirements of Rule 32(a)(6). This motion contains 2,531 words.

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**