

## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

**VIA CM/ECF**

January 16, 2026

Mr. Lyle W. Cayce, Clerk
Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

**Re:** ***Ayestas v. Harris County District Attorney's Office*, No. 25-70014**

Dear Mr. Cayce:

Per the Court's order, ECF No. 42, the parties on appeal and amicus curiae, the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), filed their supplemental letter briefs on January 9, 2026. ECF Nos. 62, 68 (Ltr. Br.), 70. This reply brief follows.

## I.   Harris County Was Not Required to Object.

As TDCJ has argued, neither the text of Rule 72(a), the context of the federal rules as a whole, nor common practice in the district courts supports the idea that Rule 72(a) applies to a third-party to the underlying litigation. *See* ECF No. 62, at 3–4. But even if Harris County were considered a "party" within Rule 72(a), this Court "would normally follow [its] rule from *Douglass v. United Services Automobile Ass'n*[, 79 F.3d 1415 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1),[1]]" that a failure to object means review "on appeal [would be] for plain error." *United States v. Young*, 585 F.3d 199, 202 (5th Cir. 2009). But the *Douglass* rule does not apply when the magistrate judge "did not warn [the party] of the consequences of failing to object."

---

[1]   *Douglass* held that objection was required within ten days, 79 F.3d at 1428–29, but § 636(b)(1) increased that time frame to fourteen days.

*Id.* In that instance, not only is the claim not waived, but "the standard of review depends upon the issue on appeal." *Id.* at 202 n.12 (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 196 & n.7 (5th Cir. 2018) ("It appears that this exception applies to magistrate judge orders as well as reports and recommendations.").[2] Harris County wasn't a party to the underlying litigation and was not warned of the consequences for failing to follow a not-clearly-applicable rule, ROA.3181, so appellate error is not waived.

Ayestas suggests not applying Rule 72(a) would lead to "absurd" results in that it would require more of a party than a nonparty. *See* Ltr. Br. 5. But it makes sense that a party would have to abide by stricter rules—a party has no right to appeal until final judgment is entered possibly years later, and that final judgment encompasses all prior orders. Conversely, a nonparty will likely not even see final judgment, much less an appeal thereof. And Ayestas ignores a crucial fact: not all magistrate orders to a nonparty are appealable. The discovery order here is appealable because it (1) is conclusive; (2) resolves an important issue completely separate from the merits of the underlying action to which Harris County is not a party; and (3) is effectively unreviewable on appeal. *See* ECF No. 62, at 2. Though Ayestas suggests (at 5) that the floodgates to appeals bypassing magistrates would be opened, this is a baked-in limitation, especially given the requirement that Harris County had to show a substantial public interest justifying interlocutory appeal. *See infra* Argument II. And "appeal[s] taken under the collateral order doctrine [are] subject to all the usual appellate rules and time periods, including Rule 4 of the Federal Rules of Appellate Procedure." *United States v. Moats*, 961 F.2d 1198, 1204 (5th Cir. 1992). Thus, contrary to

---

[2]    As Harris County notes, *see* ECF No. 70, at 9, Rule 72(a) applies only to "nondispositive" orders. But here, the conclusiveness of the order under the collateral order doctrine also seems to make it dispositive as to Harris County. *See* Fed. R. Civ. P. 72(b)(1) (dispositive orders involve "a pretrial matter dispositive of a party's claim or defense"); *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (adopting "functional approach" that looks at the effect of the motion in determining when it is dispositive); *cf. Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 762 (5th Cir. 2016) (magistrate's motion to remand a case to state court was dispositive). Thus, assuming Rule 72 applies to a non-party, the order was arguably dispositive under Rule 72(b), meaning Harris County should have been warned about any consequences for not objecting.

Ayestas's assertion that a "non-party [would have] no time limit" absent Rule 72(a), *see* Ltr. Br. 5, the usual thirty-day limit applies to a non-party seeking to appeal a collateral order. *See* Fed. R. App. P. 4(a)(1)(A). Ayestas's slippery slope argument holds no purchase.

## II.    The Discovery Order Is Appealable.

Ayestas argues that the discovery order doesn't qualify under the collateral order doctrine because Harris County cannot show it was conclusive and it "has other remedies." Ltr. Br. 6–7. But "this [C]ourt allows immediate appeal of orders that unseal a nonparty's confidential business documents." *See Leonard v. Martin*, 38 F.4th 481, 487 (5th Cir. 2022); *see also La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 232 (5th Cir. 2023). Such an appeal "implicates 'some particular value of a high order' or 'substantial public interest' that would be imperiled or destroyed if review were delayed until after entry of an archetypal final judgment." *Leonard*, 38 F.4th at 487 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009)).

There is such "substantial public interest" here. Harris County is no ordinary litigant: "here we have [a] governmental (not private) non-part[y] (not litigant[]) asserting [prosecutorial work product] privilege (not attorney-client privilege)." *La Union*, 68 F.4th at 234. And this is no ordinary case: federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (quoting *Harris v. Reed*, 489 U.S. 255, 282 (1989) (Kennedy, J., dissenting)). Worse, the specific discovery order at issue "overrides the States' core power to enforce criminal law," *Shinn v. Martinez Ramirez*, 596 U.S. 366, 376 (2022), because it expressly intrudes on that function—it asks a prosecutorial entity charged with enforcing Texas's criminal laws to unveil key decision-making in not only Ayestas's case but hundreds of others.[3]

---

[3]    Ayestas downplays the harm to Harris County by suggesting "protective orders can preserve confidentiality." Ltr. Br. 7. This assurance rings hollow when, after agreeing to a protective order for TDCJ's data, *see* ROA.2457, Ayestas then promptly violated that order by filing the confidential data in open court. *See* ROA.2663.

## III. The District Court Lacked Jurisdiction.

Ayestas argues his case is not successive because: (1) *Uranga v. Davis*, 893 F.3d 282 (5th Cir. 2018), establishes that post-judgment motions to reopen an order denying amendment are not successive, *see* Ltr. Br. 16–17; (2) *Banister v. Davis*, 590 U.S. 504 (2020), and this Court's subsequent precedent "categorically hold[] that arguments raised in Rule 59(e) postures are not successive," *see* Ltr. Br. 18–19.[4] He is incorrect.

*First*, *Uranga* is inapposite. *Uranga* dealt with a "prejudgment motion for leave to amend." *See* 893 F.3d at 284. Uranga "did not seek to add a new ground for relief" via his post-judgment motion, *see Uranga*, 893 F.3d at 284, because the ground was not new—it was raised prior to final judgment. And his post-judgment motion properly argued that the district court's ruling "precluded a merits determination" and that the "premature[]" denial of his application was a defect in the integrity of the proceeding. *See id.* Conversely here: Ayestas's new claims were not presented to any court until more than twenty-eight days after final judgment. *See* ROA.1148 (motion to amend filed fifty-seven days after final judgment). Thus, Ayestas himself precluded a merits determination on his claims, and the integrity of the proceeding could not have been affected by the district court's failure to consider a claim not before it when it entered its judgment (for the second time, *see* ROA.547). Ayestas's Rule 60(b) motion seeking to undo a *prior* post-judgment motion to amend is fundamentally different from *Uranga*, and applying *Uranga* in the way he seeks would countenance a perpetual motion machine that permits a petitioner to forever bypass successiveness by challenging earlier, post-judgment successiveness determinations. But *Uranga* is irrelevant for another reason: Ayestas's Rule 60(b) motion challenged the district court's denial of his "supplemental" Rule 59(e) motion, not his post-judgment motion to amend the habeas petition. *See* ROA.1563 ("This Rule 60(b) motion seeks reconsideration of that Rule 59

---

[4] Ayestas also argues that *Rivers v. Guerrero*, 605 U.S. 443 (2025), means amendment is proper during the pendency of a timely Rule 59(e) motion because there is no final judgment. *See* Ltr. Br. 19–20. TDCJ's letter brief adequately addresses *Rivers*'s effect on this case, and it does not help him—it confirms that *Banister* was a limited exception to the moment-of-judgment rule, and Ayestas's claims were not filed within that twenty-eight-day window. *See* ECF No. 62, at 6–9.

decision."). The former is the only motion to which *Banister*—the change in law upon which his Rule 60(b) motion was predicated, *see* ROA.1360–62—could have applied. *Uranga* is a red herring.

*Second*, Ayestas's contention that *Banister* allows new-habeas-claim Rule 59(e) motions is doubtful, given *Banister*'s emphasis that "a Rule 59(e) motion . . . hews closely to the initial application." 590 U.S. at 517. Ayestas suggests (at 18) that the Court's footnoted reference to "new arguments" based on intervening changes in law or newly discovered evidence, *see Banister*, 590 U.S. at 508 n.2, allows new habeas claims as opposed to new argument or evidence in support of previously adjudicated claims, *see, e.g.*, *Luig v. N. Bay Enter., Inc.*, 817 F.3d 901, 906 (5th Cir. 2016) (new evidence on reconsideration was probative on the "only grounds upon which the district court dismissed" the counterclaim). But this is in tension with the explanation that "[a] Rule 59(e) motion is . . . backward-looking," so it "maintains a prisoner's incentives to consolidate all of his claims in his initial application." *Banister*, 590 U.S. at 516. And this Court's post-*Bannister* decisions, *see* Ltr. Br. 18–19 (citing *In re Franklin*, 832 F. App'x 340 (5th Cir. 2020) (per curiam); *Thomas v. Lumpkin*, 995 F.3d 432 (5th Cir. 2021)), are likewise inapposite. The Rule 59(e) motions in those cases did not raise new claims. *See United States v. Franklin*, No. CR 02-304, 2020 WL 5437063, at *2 (E.D. La. Sept. 10, 2020) ("Defendant attacks this Court's previous ruling on the merits . . . ."); Ord. 5, *Thomas v. Director*, No. 4:09-CV-644 (E.D. Tex. Dec. 13, 2016), ECF No. 64 ("Petitioner's Motions simply revisit arguments that have already been raised . . . ."). And both were filed within twenty-eight days of judgment. Neither case helps Ayestas.

In sum, it is undisputed that Ayestas did not raise his claims until more than twenty-eight days after final judgment. That means his post-judgment motions were successive in 2015 and again in 2021. The district court did not have jurisdiction to reopen the proceedings, much less enter the discovery order at issue here.

Respectfully submitted,

/s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL

Assistant Attorney General
(512) 936-1400

*Counsel for Amicus Curiae*

p.s.  This letter is being filed via this Court's Case Management/Electronic Case Filing system. The letter: (1) complies with the applicable page limitation; (2) follows the privacy redaction requirements; (3) is an exact duplicate of the paper document; and (4) has been scanned with the most recent version of a commercial virus-scanning program and is virus free. An electronic copy is being served on today's date, via this Court's Case Management/Electronic Case Filing system, upon counsel for Ayestas and Harris County.