Chandler Raine
First Assistant

Lauren Byrne
Chief of Staff

Harris County District Attorney's Office
1201 Franklin Street, Suite 600
Houston, Texas 77002

HARRIS COUNTY DISTRICT ATTORNEY
**SEAN TEARE**

January 16, 2026

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

**Via CM/ECF**

RE: Reply Letter Brief, *Carlos Manuel Ayestas v. Harris County District Attorney's Office*, Fifth Circuit No. 25-70014

Dear Mr. Cayce,

The parties on appeal and amicus curiae filed supplemental letter briefs pursuant to this Court's order, ECF No. 42, on January 9, 2026. ECF Nos. 62, 68, and 70. The Harris County District Attorney's Office (HCDA) now files this reply.

## I. Rule 72(a) Permits Appeal

### A. Rule 72(a) Governs Parties and Non-dispositive Matters—Not Non-Parties or Orders Dispositive of a Non-Party's Only Interest

Rule 72(a) applies only to "a pretrial matter not dispositive of a party's claim or defense" and repeatedly refers to "a party" as the entity that may object. FED. R. CIV. P. 72(a). Appellee's reliance on Rule 71 as controlling of Rule 72 is misplaced. Rule 71 provides that when an order grants relief for or against a non-party, "the procedure for enforcing the order is the same as for a party." FED. R. CIV. P. 71. It addresses enforcement—not objections, review standards, or appellate prerequisites. Treatises confirm this limited scope: Rule 71 does not alter who is bound by judgments and simply ensures non-parties are subject to enforcement process. § 3031 History and Purpose of Rule, 12 Fed. Prac. & Proc. Civ. § 3031 (3d ed.). Nothing in Rule 71 imports Rule 72's objection regime or imposes new deadlines on non-parties. *Cf. Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509 (1989) (holding that conferees could have drafted rules to apply more broadly, and their failure to do so indicates it was not intended).

The cases Appellee cites, including *Esquivel v. Kendrick*, 2023 WL 5584168 (5th Cir. Aug. 29, 2023); *Mayfield v. Butler Snow, LLP*, 75 F.4th 494 (5th Cir. 2023); *Gregg v. Linder*, 349 F.3d 860 (5th Cir. 2003); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135 (5th Cir. 1987); and *United States v. Renfro*, 620 F.2d 497 (5th Cir. 1980), address parties challenging magistrate rulings. They do not hold that non-parties must comply with Rule 72(a) or that failure to do so defeats appellate jurisdiction.

Appellee also cites *Diamantis v. Milton Bradley Co.*, 772 F.2d 3 (1st Cir. 1985) for the notion that Rule 72(a) applies to "the parties before the magistrate." That reliance is misplaced because it is contextually distinct. *Diamantis* involved a litigant appealing discovery directed to non-party witnesses and turned on standing, not Rule 72 obligations. 772 F.2d at 4–5. It does not hold that Rule 72 binds non-parties. The footnote Appellee cites does not create a mandatory objection requirement for non-parties under this court's precedent. Local authority rejects Appellee's reading, as *Quantlab* squarely treats Rule 72(a) as party-specific, overruling non-party objections under Rule 72(a). *See Quantlab Grp., LP v. Dempster*, No. CV H-18-2171, 2019 WL 7037653, at *2 (S.D. Tex. Dec. 20, 2019) (overruling a non-party's objection to a magistrate's order on the basis that Rule 72(a) only provides for "a party" to file objections).

Ayestas contends that exempting non-parties from Rule 72 would produce absurd results. That assertion is unfounded. Non-parties remain subject to compliance deadlines and must file timely notices of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A). Appeals taken under the collateral-order doctrine are likewise "subject to all the usual appellate rules and time periods." *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992). Moreover, non-parties have only limited avenues for appellate review—such as the collateral-order doctrine, mandamus, or contempt—which inherently restrict forum shopping and delay. Distinct treatment of parties and non-parties is logical: parties may seek review after entry of final judgment, whereas non-parties often cannot.

### B. Even If Rule 72 Applied, Error Is Not Waived Under *Douglass* and Its Progeny

Assuming arguendo that HCDA were treated as a "party" under Rule 72(a), Fifth Circuit precedent would apply plain error review because HCDA was not warned of the consequences of failing to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *cf. Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *United States v. Young*, 585 F.3d 199, 202 (5th Cir. 2009). HCDA received no such warning. ROA.3181.

## II. The Collateral Order Doctrine Permits Appeal

Ayestas contends that the discovery order falls outside the collateral-order doctrine because it is not dispositive, and because HCDA has "other remedies." That argument overlooks both the nature of the order and the interests at stake. The order at issue conclusively resolves HCDA's privilege claim, the issue of privilege is entirely separate from the merits of the underlying case, and HCDA will not have a remedy after final judgment. *Henry v. Lake Charles Am. Press*, *L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009). The harm from disclosure is irreparable because once privileged materials are produced, confidentiality is lost. *See In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003) (once "compelled to produce documents protected by a privilege, that privilege will be lost"). Protective orders do not cure this harm. And the contempt route for a non-party is particularly exacting. See *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 109-12 (2009).

This Court has recognized that immediate review is appropriate where disclosure threatens significant public interests or irreparable harm—particularly when the order targets a non-party's confidential or privileged materials. *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 232 (5th Cir. 2023). The same principles apply here. HCDA is asserting prosecutorial work-product privilege in the context of federal habeas proceedings. That privilege protects core decision-making about criminal enforcement—a function central to state sovereignty. Compelling disclosure of internal prosecutorial deliberations does more than affect one case; it intrudes on the State's authority to enforce its criminal laws and undermines the integrity of hundreds of past and future prosecutions. Federal habeas review already implicates profound state interests in finality and sovereignty. Forcing disclosure of privileged prosecutorial materials magnifies that intrusion.

Accordingly, this case falls within the narrow class of collateral orders that warrant immediate review. Denying jurisdiction would leave HCDA without any effective remedy, contrary to the doctrine's purpose.

## III. Conclusion

HCDA relies on its prior letter brief for its contention that the district court exceeded its authority by reopening judgment and granting discovery in violation of the AEDPA's strict limits on successive habeas petitions. It again contends that this Court has appellate jurisdiction under the collateral order doctrine and Rule 72 to hear this appeal.

Respectfully submitted,

SEAN TEARE
District Attorney
Harris County, Texas

*/s/ Meagan T. Scott*
MEAGAN T. SCOTT
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5816

Counsel for Appellant

cc: Counsel of Record via CM/ECF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been electronically served via the Court's ECF system on January 16, 2026, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this letter brief complies with the requirements set out in this Court's Order on December 23, 2025 and does not exceed 5 pages in length.

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**

**Counsel for Respondent - Appellant**
**Harris County District Attorney's Office**

Date: January 16, 2026