No. 25-70014

In the
United States Court of Appeals
For the Fifth Circuit

———————◆———————

**CARLOS MANUEL AYESTAS,**
*Petitioner - Appellee*

v.

**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE**
*Respondent - Appellant*

———————◆———————

On Appeal from the United States District Court
For the Southern District of Texas, Houston Division
No. 4:09-CV-2999

———————◆———————

APPELLANT'S OPPOSITION TO APPELLEE'S PETITION FOR
REHEARING EN BANC

———————◆———————

SEAN TEARE
District Attorney
Harris County, Texas

MEAGAN T. SCOTT
Assistant District Attorney
Harris County, Texas
State Bar No. 24088378
S.D. Texas Federal No. 2802414
scott_meagan@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 274-5816
Fax: (713) 437-4966

*Counsel for the Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..............................................................................iii

INTRODUCTION ........................................................................................1

QUESTIONS PRESENTED ..........................................................................2

STATEMENT OF THE CASE ......................................................................3

ARGUMENT...............................................................................................5

   I.    Rule 72 Does Not Bar Appeal.................................................5

      A.   Rule 72(a) Applies Only to Parties.......................................6

      B.   Rule 71 is Not a Stealth Amendment to Rule 72...............8

      C.   The Panel's Rule 72 Holding Does Not Create New Law.................9

   II.   The Panel Exercised Collateral-Order Jurisdiction Consistent with this Court's Precedent ........................................................................9

      A.   This Court Permits Non-Party Collateral-Order Appeals ..............10

      B.   The Panel Applied the Doctrine to an Analogous Category ..........11

   III.   The Panel Correctly Recognized Ayestas's Successive Petition ....15

CONCLUSION ..........................................................................................19

CERTIFICATE OF SERVICE .....................................................................20

CERTIFICATE OF COMPLIANCE .............................................................21

# TABLE OF AUTHORITIES

**Cases**

*Ayestas v. Davis*,
    581 U.S. 904 (2017)......................................................................................3

*Ayestas v. Harris Cnty. Dist. Attorney's Off.*,
    169 F.4th 586 (5th Cir. 2026)....................................................5, 12, 14, 16–18

*Ayestas v. Stephens*,
    817 F.3d 888 (5th Cir. 2016), *vacated on other grounds sub nom.*
    *Ayestas v. Davis*, 584 U.S. 28 (2018) ..................................................3, 16, 17

*Banister v. Davis*,
    590 U.S. 504 (2020)...................................................................................4, 18

*Bradford v. Sovereign Pest Control of TX, Inc.*,
    167 F.4th 809 (5th Cir. 2026)......................................................................6

*Ex parte Ayestas*, No. WR-69,674-02,
    2020 WL 72344770 (Tex. Crim. App. Dec. 9, 2020)....................................16

*Green v. Bock Laundry Mach. Co.*,
    490 U.S. 504 (1989)......................................................................................8

*Goudeau v. E. Baton Rouge Parish Sch. Bd.*,
    540 F. App'x 429 (5th Cir. 2013) .................................................................7

*Hickman v. Taylor*,
    329 U.S. 495 (1947)....................................................................................14

*In re CPDC, Inc.*,
    337 F.3d 436 (5th Cir. 2003) ....................................................................7, 8

*In re Grand Jury Subpoena*,
    220 F.3d 406 (5th Cir. 2000) ......................................................................14

# TABLE OF AUTHORITIES, Cont'd

*In re Int'l Sys. & Controls Corp. Sec. Litig.,*
  693 F.2d 1235 (5th Cir. 1982) ................................................................14

*In re United States,*
  397 F.3d 274 (5th Cir. 2005) ................................................................13

*La Union Del Pueblo Entero v. Abbott,*
  93 F.4th 310 (5th Cir. 2024) ................................................................11, 12

*La Union Del Pueblo Entero v. Abbott,*
  68 F.4th 228 (5th Cir. 2023) ................................................................11, 12–13

*Leonard v. Martin,*
  38 F.4th 481 (5th Cir. 2022) ................................................................12, 13

*Lewis v. Crochet,*
  105 F.4th 272 (5th Cir. 2024) ................................................................11, 12

*Mohawk Industries, Inc. v. Carpenter,*
  558 U.S. 100 (2009) ................................................................10

*Quantlab Grp., LP v. Dempster,* No. H-18-2171,
  2019 WL 7037653 (S.D. Tex. Dec. 20, 2019) ................................................................6

*Rivers v. Guerrero,*
  605 U.S. 443 (2025) ................................................................19

*Shields v. Sturm, Ruger & Co.,*
  864 F.2d 379 (5th Cir. 1989) ................................................................13

*Thomas v. Lumpkin,*
  995 F.3d 432 (5th Cir. 2021) ................................................................19

*Uranga v. Davis,*
  893 F.3d 282 (5th Cir. 2018) ................................................................18

# TABLE OF AUTHORITIES, Cont'd

*U.S. v. Nobles,*
  422 U.S. 225 (1975)..................................................................14

*U.S. v. Scroggins,*
  599 F.3d 433 (5th Cir. 2010) ......................................................7

*U.S.  v. Seale,*
  550 F.3d 377 (5th Cir. 2008) ....................................................19

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.,*
  913 F.3d 443 (5th Cir. 2019) ...............................................10, 12

*Whole Woman's Health v. Smith,*
  896 F.3d 362 (5th Cir. 2018), *as revised* (July 17, 2018) ...........10, 12

*X Corp. v. Media Matters for Am.,*
  120 F.4th 190 (5th Cir. 2024)....................................................11

## Statutes

28 U.S.C. § 636.........................................................................7

## Rules

FED. R. APP. P. 40(c) ..................................................................1

FED. R. CIV. P. 4 ........................................................................6

FED. R. CIV. P. 5.2 .....................................................................6

FED. R. CIV. P. 6 ........................................................................6

FED. R. CIV. P. 14 ......................................................................6

FED. R. CIV. P. 30 ......................................................................6

# TABLE OF AUTHORITIES, Cont'd

Fed. R. Civ. P. 32 ...............................................................................................6

Fed. R. Civ. P. 34 ...............................................................................................6

Fed. R. Civ. P. 37 ...............................................................................................6

Fed. R. Civ. P. 45 ...............................................................................................6

Fed. R. Civ. P. 53 ...............................................................................................6

Fed. R. Civ. P. 71 ...............................................................................................8

Fed. R. Civ. P 72(a) ...........................................................................................6

**Other**

5th Cir. R. 40 IOP.................................................................................1, 15, 18

Fed. R. Civ. P. 72 advisory committee's note to 2007 amendment ..................6

**INTRODUCTION**

The petition for rehearing en banc should be denied. The panel faithfully applied settled principles governing non-party collateral-order appeals and AEDPA's limits on successive habeas claims. En banc review is "not favored" and is reserved for ensuring uniformity or addressing questions of exceptional importance. FED. R. APP. P. 40(c); *see also* 5th Cir. R. 40 IOP. Nothing here warrants that extraordinary step.

The panel applied the Federal Rules' plain text and this Court's established practice permitting non-party interlocutory appeals from orders compelling disclosure of privileged or sensitive materials. The panel recognized that prosecutorial work-product is materially indistinguishable from the categories this Court already allows non-parties to shield through interlocutory appeal. It straightforwardly applied this Court's non-party collateral-order decisions to an order compelling non-party prosecutors to disclose decades of privileged charging memoranda—materials central to law-enforcement deliberations, public interests, and the work-product doctrine.

Likewise, the panel correctly held that Federal Rule of Civil Procedure 72(a) applies only to parties. Federal Rule of Civil Procedure 71 governs

enforcement, not objection requirements, and does not amend Rule 72. The panel's interpretation adheres to the Rules' text and purpose, and preserves the collateral-order doctrine as the proper path for non-party appeals.

Finally, the panel correctly concluded the district court lacked jurisdiction over the newly raised selective-prosecution claims because they were unauthorized second-or-successive applications under 28 U.S.C. § 2244(b). The discovery order necessarily fell with that jurisdictional defect.

The opinion conflicts with neither this Court nor the Supreme Court and presents no question of exceptional importance.

## QUESTIONS PRESENTED

1. Whether Rule 72(a)'s objection requirement applies to non-parties.

2. Whether the panel properly applied this Court's precedent to non-party discovery orders compelling disclosure of privileged information.

3. Whether new claims raised after judgment are successive within § 2244(b), thereby depriving the district court of jurisdiction.

## STATEMENT OF THE CASE

Carlos Manuel Ayestas has litigated his federal habeas challenge since 2009. ROA.24-84. The district court entered final judgment on November 18, 2014, rejecting the ineffective-assistance claims presented in Ayestas's habeas petition. ROA.984. Ayestas timely filed a Rule 59(e) motion challenging that disposition. ROA.985–1022.

After the Rule 59(e) deadline expired, Ayestas sought permission to assert previously unraised constitutional claims related to selective-prosecution. ROA.1243. On January 9, 2015, he moved to amend his petition, and on January 14, 2025, he filed a supplement to his Rule 59(e) motion. ROA.1148, 1159. Both filings referenced a recently located memorandum prepared by the Harris County District Attorney's Office ("HCDA"). ROA.1151, 1156, 1160.

The district court denied the Rule 59(e) motion, and held that Ayestas's later submissions constituted unauthorized second-or-successive petitions. ROA.1238, 1243. This Court affirmed, holding the new claims did not fall within § 2244(b)(2)(B)'s exceptions. *Ayestas v. Stephens*, 817 F.3d 888, 901 (5th Cir. 2016), *vacated on other grounds sub nom. Ayestas v. Davis*, 584 U.S. 28 (2018). The Supreme Court denied review. *Ayestas v. Davis*, 581 U.S. 904

3

(2017).

Four years later, after *Banister v. Davis*, 590 U.S. 504 (2020), Ayestas filed a Rule 60(b) motion. ROA.1343. Although *Banister* stressed Rule 59(e)'s narrow purpose and strict deadline, 590 U.S. at 516–17, the district court nevertheless granted the Rule 60(b) motion, treated the order as vacating final judgment, and—seven years later—allowed Ayestas to file an amended petition asserting the new selective-prosecution claims. ROA.1616, 1630, 1707–35, 1874. The district court declined to transfer the petition to this Court for gatekeeping review and concluded that Ayestas satisfied § 2244(b)'s exceptions. ROA.2319.

The district court subsequently authorized sweeping discovery. ROA.2198–2200, 2328–30. Over the Texas Department of Criminal Justice's ("TDCJ") objections, the court imposed no meaningful limitations. ROA.2328–29, 2418–20, 2447–48, 2744–46, 2860–61, 2956–68, 2984. After two years of extensive discovery, Ayestas sought charging memoranda from three decades of unrelated murder prosecutions, and privileged case evaluation materials from non-party HCDA. ROA.3116–27.

HCDA objected to disclosure of prosecutorial work-product. ROA.3011-14, 3089–3114. The magistrate judge nonetheless ordered HCDA

to produce the charging memoranda, and the privileged portions of Ayestas's prosecution file. ROA.3172–81. HCDA timely filed this appeal. ROA.3182-83.

On appeal, this Court held: (1) HCDA had standing as a non-party whose privileged materials were ordered disclosed; (2) the discovery order was an appealable collateral-order; (3) Rule 72(a) does not bar non-party appeals from magistrate's orders; and (4) the district court lacked jurisdiction because Ayestas's new claims were unauthorized successive applications under § 2244(b). *Ayestas v. Harris Cnty. Dist. Attorney's Off.*, 169 F.4th 586 (5th Cir. 2026). The panel vacated the discovery order and dismissed the new habeas claims. *Id*. at 597.

## ARGUMENT

### I.     Rule 72 Does Not Bar Appeal

Ayestas's argument, and the amicus brief supporting it, hinges on the premise that non-party subpoena recipients must file objections to magistrate orders compelling disclosure to preserve appellate review. The panel correctly rejected that premise because it conflicts with the text and structure of the Rules and this Court's precedent.

### A. Rule 72(a) Applies Only to Parties

Rule 72(a) states that "a party may serve and file objections" to a magistrate judge's ruling on "a pretrial matter not dispositive of a party's claim or defense." FED. R. CIV. P. 72(a). Its language is explicit and exclusive: only parties may object, and only when the order concerns their non-dispositive claims or defenses. *See Quantlab Grp., LP v. Dempster*, No. H-18-2171, 2019 WL 7037653, at *2 (S.D. Tex. Dec. 20, 2019) (overruling non-party Rule 72 objections because the Rule "only provides for 'a party' to file objections"). HCDA's only connection to the litigation is as a non-party subpoena recipient resisting compelled disclosure of privileged materials. Nothing in Rule 72(a) obligates, or binds non-parties.

This reading accords with the Rules' broader structure. When the drafters intend to impose duties on non-parties, they say so expressly. *See e.g.*, FED. R. CIV. P. 4, 5.2, 6, 14, 30, 32, 34, 37, 45, 53, 71. This Court routinely enforces this "plain language" limitation. *See e.g., Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809, 811–12 (5th Cir. 2026); *Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*, 795 F.2d 415, 427 (5th Cir. 1986); *cf.* FED. R. CIV. P. 72 advisory committee's note to 2007 amendment ("The language of Rule 72 has been amended . . . to make style and terminology consistent throughout

the rules.").

Reading "party" to include anyone bound by a magistrate's order is contrary to the plain language of the Rule. It is also contrary to the purpose of the Rule which is to serve as an objection mechanism to preserve issues for party appeals from final judgments, a framework inapplicable to non-parties with no path to final-judgment review. By design, Rule 72(a) governs party objections to non-dispositive pretrial matters; it is not universal objection requirement for non-party privilege orders that begin and end a non-party's involvement.[1] The panel's reading honors the plain text and function of Rule 72. *See In re CPDC, Inc.*, 337 F.3d 436, 445 (5th Cir.

---

[1] Ayestas argues 28 U.S.C. § 636 and Rule 72 together create mandatory district court review for all magistrate orders—parties and non-parties alike. Pet. 6. He also faults the panel for "ignoring" § 636. *Id.* But Ayestas did not brief this issue in appeal, and to the extent he now attempts to rely on § 636, it is not properly before the Court. His briefing contained only four passing references to § 636 relegated to footnotes or parenthetical quotations. Appellee Br. 12, 17; Appellee Supp. 3; Appellee Supp. Reply 3. A "party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *U.S. v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (citation omitted); *see also Goudeau v. E. Baton Rouge Parish Sch. Bd.*, 540 F. App'x 429, 437 (5th Cir.2013) (criticizing as fatal the "[f]ailure to provide any legal or factual analysis of an issue on appeal").

Nor does § 636 assist Ayestas on the merits. As with Rule 72, § 636 is framed in terms of parties, findings and recommendations, and claims or defenses. 28 U.S.C. § 636. It does not address non-party privilege claims resolved by magistrate order, or the fact that non-parties have no ability to grant or withhold consent to proceeding before a magistrate at all. In precisely these circumstances, this Court uses the collateral-order doctrine as the proper avenue for appellate review. The panel's approach is consistent with Circuit practice in the non-party context.

2003) (citations omitted) ("When the purpose of a legislative enactment is obvious from the language of the law itself, there is nothing left to construction. In such case it is vain to ask the courts to attempt to liberate an invisible spirit, supposed to live concealed within the body of the law").

### B. Rule 71 is Not a Stealth Amendment to Rule 72

Ayestas attempts to solve Rule 72's textual problem by invoking Rule 71, arguing that because orders may be "enforced" against non-parties, parties and non-parties must be treated alike for purposes of Rule 72's objection procedure. Pet. 5–6. Rule 71 is not an incorporation clause and does not rewrite Rule 72 to impose obligations on non-parties. *See* FED. R. CIV. P. 71. Courts have repeatedly rejected such stealth amendments. *See Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 523–24 (1989) (when the drafters intend broader coverage, they say so); *CPDC*, 337 F.3d at 445 ("[L]ooking to other statutes is improper when the interpretation of a statute is self-evident from its text."). Rule 72 cannot be stretched that far—the panel was right to decline to do so.

The distinction is logical: parties may seek review after final judgment; non-parties cannot, which is precisely why this Court uses the collateral-order doctrine in the non-party posture.

### C. The Panel's Rule 72 Holding Does Not Create New Law

The petition portrays the panel's holding as a radical break from Circuit precedent. It is not.[2] The panel did exactly what the language of Rule 72 requires: applying Rule 72's text as written, refusing to import Rule 71 to enlarge Rules 72's scope, and preserving this Court's practice of allowing non-party collateral-order appeals.

That is not innovation; it is fidelity to the Rules' plain language and to Circuit practice. Concerns about "floodgates" are misplaced. Non-parties remain bound by subpoenas, compliance obligations, Rule 4 deadlines, and the narrow strictures of the collateral-order doctrine. The panel's decision protects the intended structure of the Rules; it does not broaden litigation opportunities.

### II. The Panel Exercised Collateral-Order Jurisdiction Consistent with this Court's Precedent

The panel properly followed this Court's long-standing, limited practice of permitting non-party interlocutory appeals from discovery orders compelling disclosure of privileged or sensitive material, a practice

---

[2] HCDA is not aware of, nor has Appellee cited to, a single case in which this Court has held contrary to the panel's ruling on this issue. Without exception, every case cited to in Ayestas's petition on this issue relates to parties. Pet 4–5.

Ayestas's petition wholly disregards. Adopting Ayestas's theory would effectively invalidate *Whole Woman's Health v. Smith*, 896 F.3d 362 (5th Cir. 2018), as revised (July 17, 2018), and the many decisions that have followed. The panel's decision remains a narrow, precedent-consistent application of established rules to a recognized class of cases.

## A. This Court Permits Non-Party Collateral-Order Appeals

*Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), did not address the rights of non-parties, nor did it categorically bar all discovery-related appeals under the collateral-order doctrine. *Mohawk* expressly involved a *party* appealing a privilege ruling, emphasizing availability of post-judgment review and alternative mechanisms for parties. *Id*. at 108–09. This Court has repeatedly distinguished *Mohawk*, allowing immediate appeals where alternatives do not provide meaningful relief.

Each subsequent case harmonizes non-party appealability with *Mohawk*, not against it. This panel followed that line of precedent; there is no doctrinal leap. *See e.g.*, *Whole Woman's Health*, 896 F.3d at 367–68 (permitting interlocutory appeal where discovery order threatened First Amendment associational rights); *Vantage Health Plan v. Willis–Knighton*, 913 F.3d 443, 449–50 (5th Cir. 2019) (compelled disclosure of confidential documents

"effectively unreviewable" for non-parties because "secrecy is a one way street"); *Lewis v. Crochet*, 105 F.4th 272, 280–81 (5th Cir. 2024) (*Mohawk* does not bar jurisdiction for non-parties); *X Corp. v. Media Matters for Am.,* 120 F.4th 190, 196 (5th Cir. 2024) (exercising collateral-order jurisdiction over non-party compelled disclosure of donor identities and internal communications, reiterating that loss of confidentiality cannot be remedied on appeal and that the "importance" of the issue is central to appealability); *La Union Del Pueblo Entero v. Abbott*, 93 F.4th 310 (5th Cir. 2024) ("*Bettencourt*") (recognizing that compelling non-party legislators to disclose privileged materials intrudes on core legislative deliberations); *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. 2023) ("*Hughes*") (same).

The rule is consistent: where a non-party disclosure order would irreversibly destroy a privileged or confidential interest, collateral-order review is the only effective avenue to prevent irreparable harm.

### B. The Panel Applied the Doctrine to an Analogous Category

This is a straightforward and narrow application of settled precedent to another familiar non-party privilege: prosecutorial work-product.

Collateral-order review is appropriate when it "(1) conclusively

determine[s] the disputed question, (2) resolve[s] an issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *Vantage Health*, 913 F.3d at 448 (citation omitted). The first two prongs are easily satisfied here,[3] and the third prong is dispositive.

Addressing the third prong, this Court asks whether delaying review "would imperil a substantial public interest or some particular value of a high order." *Leonard v. Martin*, 38 F.4th 481, 486 (5th Cir. 2022) (citations omitted). The panel's holding, that HCDA's prosecutorial work-product privilege implicates a substantial public interest, is narrow and consistent with precedent.

This Court evaluates collateral-order appealability by examining "the entire category to which a claim belongs[.]" *Bettencourt*, 93 F.4th at 319 (citations omitted). This Court looks to the harms suffered by non-parties when privileged information is compelled without the ability to control the course of litigation or obtain effective post-judgment review. *Hughes*, 68

---

[3] The discovery order conclusively determines the disputed question of the application of privilege. *See e.g.*, *Whole Woman's Health*, 896 F.3d at 367; *Vantage Health*, 913 F.3d at 448; *Lewis*, 105 F.4th at 280. Ayestas did not dispute the second prong. *Ayestas*, 169 F.4th at 592.

F.4th at 233–34. Applying that framework, this Court has repeatedly permitted non-party interlocutory appeals where compelled disclosure threatens irreversible institutional or constitutional harms. [4]

The categories this Court has approved for non-party collateral-order review—legislative privilege, associational privilege, and non-party confidentiality—share defining traits with prosecutorial work-product. The key features that justify collateral-order review are present here; prosecutorial deliberations touch on quintessential public-interest concerns that depend on candid, protected analysis. *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("The work product privilege . . . exists to promote the adversary system.").

This Court's decision in *In re United States*, 397 F.3d 274, 285–86 (5th Cir. 2005), confirms that compelling disclosure of capital-charging practices constitutes clear legal error by invading core prosecutorial functions and raising separation-of-powers concerns. The work-product doctrine's near-absolute protection of opinion work-product reflects the same concern:

---

[4] Ayestas's reliance on *Leonard* is misplaced: *Leonard* recognized the difference between ordinary third-party discovery disputes (*e.g.*, undue burden) and orders compelling disclosure of sensitive, privileged material—precisely the distinction the panel applied. 38 F.4th at 486–87.

requiring disclosure "on mere demand" would chill candid analysis. *See Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982). For prosecutors in particular, candid internal analysis is essential to the integrity of criminal adjudication. The interests of society and the accused require safeguarding attorney mental processes. *U.S. v. Nobles*, 422 U.S. 225, 238–39 (1975).

The panel properly recognized the public-interest concerns raised by compelled access to over 400 internal charging memoranda and privileged portions of HCDA's file. *Ayestas*, 169 F.4th at 593. Just as the legislative-privilege ensures that lawmakers can deliberate freely without judicial intrusion, the work-product doctrine ensures that attorneys can prepare cases without fear of exposing their strategies. Both doctrines serve to protect the integrity of core governmental functions. *In re Grand Jury Subpoena*, 220 F.3d 406, 409 (5th Cir. 2000) ("the work product privilege looks to the vitality of the adversary system rather than simply seeking to preserve confidentiality"). Prosecutorial work-product therefore stands in the same narrow, precedent-recognized category involving irreparable institutional harm if disclosure is compelled; and thus warrants collateral-order review. The panel's decision is narrow, rooted in this Court's precedent, and protects

an important, high-order public interest.

The panel did not create any intra or inter-circuit conflict; it followed this Court's long-standing category-based approach and applied settled logic to a privilege whose forced disclosure would irreversibly compromise internal charging deliberations and broader law-enforcement interests. This Court's prior decisions did not open floodgates; rather, they produced narrow, posture-specific appeals limited to orders that would irreversibly destroy protected interests of non-parties. The panel's opinion slots into that framework; it does not expand it.

## III. The Panel Correctly Recognized Ayestas's Successive Petition

Regarding the panel's district court jurisdictional holding, Ayestas also fails to justify en banc rehearing. The bulk of his complaints concern the panel's purported factual mistakes, Pet. 10–12, but that is facially insufficient to grant en banc rehearing. 5th Cir. R. 40 IOP ("Alleged errors in the facts of the case . . . or in the application of correct precedent to the facts of the case are generally matters for panel rehearing but not for rehearing en banc."). And, to the extent Ayestas alleges the panel's decision conflicts with decisions by this Court or the Supreme Court in *Banister*, it does not.

Ayestas's fails to identity factual or legal error. He disputes the panel's

finding that he failed to show the memorandum was unavailable to him prior to the district court's 2014 judgment. Pet. 10–11. But, Ayestas was dilatory in presenting evidence of diligence, and did not overcome the state court's and this Court's prior diligence findings. TDCJ Amicus 6 n.1 (citing *Ex parte Ayestas*, No. WR-69,674-02, 2020 WL 72344770, at * 1 (Tex. Crim. App. Dec. 9, 2020)), 19–23; *see Ayestas v. Stephens*, 817 F.3d 888, 901 (5th Cir. 2016).[5]

Ayestas complains that this Court's immediately preceding opinion was amended to clarify the Court found trial counsel, rather than habeas counsel, not diligent in locating the memorandum, and his new evidence of diligence could be considered. Pet. 11 n.8. But the district court did not find that the memorandum was previously unavailable.[6] *See* ROA.2327.

---

[5] Ayestas states that HCDA admitted to the Supreme Court it treated the memorandum as work-product. Pet. 11. HCDA did not author the brief Ayestas cites; TDCJ did. In any event, the panel appropriately explained Ayestas's assertion that TDCJ conceded the memorandum was not previously available was wrong. *Ayestas*, 169 F.4th at 595 n.5.

[6] Ayestas asserts the district court found he diligently pursued his new claims. Pet. 10. But in its order granting Ayestas's 2021 Rule 60(b) motion, the court found the motion was timely because Ayestas diligently returned to state court after *Banister* to exhaust his new claims. ROA.1614–15. And in granting discovery, the district court said Ayestas had presented evidence that "raise[d] a genuine question" as to whether the memorandum could have been discovered by trial counsel such that his new claims were not time-barred. ROA.2320–21. Neither order suffices to support a finding of diligence with respect to the Rule 59(e) motion, which was predicated on an investigation that occurred *after* the district court entered judgment. *See* TDCJ Amicus 19–20.

Regardless, if trial counsel was not diligent regarding the memorandum, it is hard to see how federal habeas counsel was considering counsel waited over twenty-eight days *after* judgment to review HCDA's file again. *See Ayestas*, 817 F.3d at 900–01; TDCJ Amicus Supp. 7.

Relatedly, Ayestas argues diligence is not a jurisdictional issue. Pet. 12. His argument misses the point of the panel's finding. In deciding whether Ayestas could have discovered the memorandum and raised claims earlier, the panel determined whether Ayestas's 2015 motion to amend constituted a Rule 59(e) motion—and would therefore be subject to *Banister*—in the first place. *Ayestas*, 169 F.4th at 595–96. The panel's opinion highlighted that Ayestas's piecemeal filings represented precisely the kind of successive litigation AEDPA was intended to prohibit. *Id.* Because the panel found Ayestas failed to show he could not have discovered his evidence and claim sooner, it found *Banister* did not control and his 2015 motion to amend was a successive petition. *Id.*

Ayestas is also incorrect that the panel opinion conflicts with *Banister* and creates intra-circuit conflict. None of the cases Ayestas relies on, Pet. 12–14, conflict with the panel's opinion because Ayestas's new claims were not raised in a timely Rule 59(e) motion. His lack of diligence weighs heavily

17

against extending the rationale of *Banister* because it would incentivize abusive litigation tactics by allowing petitioners to use placeholder Rule 59(e) motions and supplementations of them to indefinitely extend the time to challenge a court's judgment by way of new claims.

Ayestas suggests *Banister* allows new claims based on newly discovered evidence so long as a timely Rule 59(e) motion has been filed and remains pending. Pet. 13. But as the panel appropriately held, Ayestas's argument is plainly contrary to *Banister* because his 2015 motion to amend was not backward looking as a proper Rule 59(e) motion would have been. *See* 590 U.S. at 516. Ayestas's continued insistence that *Banister* allows new claims to be bootstrapped to a pending Rule 59(e) motion by way of motions filed outside the twenty-eight-day window is contrary to AEDPA and Supreme Court precedent. *See Ayestas*, 169 F.4th at 595–96. Because Ayestas's reading of *Banister* requires an extension of its holding, en banc rehearing is inappropriate. 5th Cir. R. 40 IOP (requiring a showing that an opinion *directly* conflicts with Supreme Court precedent).

Moreover, *Uranga v. Davis*, is inapposite because it involved a "prejudgment motion for leave to amend." 893 F.3d 282, 284 (5th Cir. 2018). Ayestas's new claims were not presented until more than twenty-eight days

after final judgment. ROA.1148. *Thomas v. Lumpkin*, 995 F.3d 432 (5th Cir. 2021), is likewise irrelevant. The Rule 59(e) motion in *Thomas* did not raise new claims and was filed within twenty-eight days of judgment. *Id*. at 439–40. Nothing in *Thomas* requires a finding that a motion filed outside the Rule 59(e) window *must* be considered non-successive as long as a timely Rule 59(e) motion is pending. There is no conflict between the panel's opinion and *Thomas*, much less a direct one.

Ayestas post-judgment motions are the kind of serial litigation AEDPA abjures. The panel properly held that under *Banister* and *Rivers v. Guerrero*, 605 U.S. 443 (2025), the district court did not have jurisdiction to order discovery.

## CONCLUSION

Contrary to the petition's rhetoric, this case is not an institutional-law watershed. En banc review is a rare remedy and requires the case to meet high standards for further consideration. *U.S. v. Seale*, 550 F.3d 377, 378 (5th Cir. 2008) (Smith, J., dissenting). Ayestas fails to show en banc consideration is warranted.

Respectfully submitted,

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 274-5816

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been electronically served via the Court's ECF system in compliance with FED. R. APP. P. 25(b) and (c), on April 13, 2026, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**

# CERTIFICATE OF COMPLIANCE

1. The undersigned certifies that this brief complies with the type-volume limitation of FED. R. APP. P. 40(d)(3)(A) and 5th CIR. R. 40.1.3. Exclusive of the exempted portions in FED. R. APP. P. 32(f) and 5th CIR. R. 32.2, this brief contains 3,886 words.

2. The undersigned certifies that this brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and 5th CIR. R. 32.1, and the type requirements of FED. R. APP. P. 32(a)(6). This brief has been prepared in proportionally spaced typeface using Microsoft Word in Book Antiqua font, with 14 point font for text and 12 point font for footnotes.

3. This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4. The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits, may result in the Court's striking the brief and imposing sanctions.

*/s/ Meagan T. Scott*
**MEAGAN T. SCOTT**
**Counsel for Appellant**
**Harris County District Attorney's Office**

Date: April 13, 2026